```
                                              FILED
                                      CLERK, U.S. DISTRICT COURT

                                        5/18/2021

                                      CENTRAL DISTRICT OF CALIFORNIA
                                      BY: _____JB_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARLON MOODY and <br> BRIAN BENSON, <br><br> Defendants. | CR    2:21-cr-00239-DSF <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 659: Theft of Interstate and Foreign Shipment; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

1.   At times relevant to this Indictment, defendants MARLON MOODY and BRIAN BENSON were employed by Alliance Ground International ("AGI"), a company that provided ground handling services at the Los Angeles International Airport ("LAX") in Los Angeles, California.  As part of their duties at AGI, defendants MOODY and BENSON offloaded

cargo from aircraft at LAX and had access to certain sections of the airport.

2.    Sometime prior to on or about April 22, 2020, the Toronto-Dominion Bank in Toronto, Canada arranged to send approximately 2,000 gold bars valued at approximately $56,000 each from Australia to a facility maintained by Brink's Global Services USA, Inc. ("Brink's") in New York.  Brink's employees subsequently packed the gold bars in approximately 80 boxes and placed the boxes in multiple shipping containers (the "gold shipment").

3.    On or about the evening of April 22, 2020, the gold shipment arrived at LAX aboard an airplane operated by Singapore Airlines, as a temporary stop en route to New York.  Upon arrival, Singapore Airlines employees and a ground handling company other than AGI transported the gold shipment to the Singapore Airlines cargo warehouse at LAX.  After boxes of gold in one of the containers were re-secured, Brink's employees collected the gold shipment and transported it to a temporary holding location outside the airport.

4.    While inventorying the gold shipment later on or about April 22, 2020, Brink's employees determined that a box containing approximately 25 gold bars was missing from the container that was re-secured earlier that day at LAX.

B.    OBJECT OF THE CONSPIRACY

5.    Beginning on an unknown date but no later than on or about April 23, 2020, and continuing until on or about May 7, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendants MOODY and BENSON conspired with others known and unknown to the Grand Jury to knowingly and intentionally commit an offense against the United States, namely, Theft of Interstate and

2

1    Foreign Shipment, in violation of Title 18, United States Code,

2    Section 659.

3    C.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

4         ACCOMPLISHED

5         6.   The object of the conspiracy was to be accomplished, in

6    substance, as follows:

7              a.   Defendant MOODY would take possession of a box

8    containing approximately 25 gold bars from the gold shipment while

9    working at LAX.

10             b.   Defendant MOODY would remove some of the gold bars

11   from the box and hide them on his person.

12             c.   Defendant MOODY would exchange text messages with

13   defendant BENSON regarding the box and the gold bars.

14             d.   Defendant BENSON would pick up defendant MOODY and the

15   stolen gold bars from the location where defendant MOODY left the

16   remaining gold bars, and he would transport defendant MOODY and the

17   stolen gold bars to the Polar Air cargo warehouse at LAX, where AGI

18   employees would enter and leave the airport.

19             e.   Defendants MOODY and BENSON would meet inside the

20   Polar Air cargo warehouse.

21             f.   Defendants MOODY and BENSON would leave LAX together

22   with stolen gold bars from the gold shipment.

23             g.   After leaving LAX, defendant MOODY would give stolen

24   gold bars to defendant BENSON and one of defendant MOODY's family

25   members.

26             h.   Defendants MOODY and BENSON would hide stolen gold

27   bars at residences in the Los Angeles area.

28

D.   OVERT ACTS

7.   In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants MOODY and BENSON, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about the morning of April 23, 2020, defendant MOODY took possession of a box containing approximately 25 gold bars from the gold shipment while working at LAX.  Defendant MOODY placed the box on a vehicle used for offloading aircraft cargo (the "belt loader") and parked the belt loader near the Korean Air cargo warehouse at LAX.

Overt Act No. 2:   On or about the morning of April 23, 2020, defendant MOODY, after parking the belt loader, removed approximately four gold bars from the box and hid them on his person.  Defendant MOODY thereafter removed his safety vest and used it to conceal the gold bars on his person.

Overt Act No. 3:   On or about the morning of April 23, 2020, defendant MOODY exchanged text messages with defendant BENSON about the box and the gold bars while defendants MOODY and BENSON were at LAX.  During the exchange, defendant BENSON wrote, "That's big $ lol" and "I need to take a closer look."  Defendant MOODY informed defendant BENSON that he found the box and said that he could not get all of them.  Defendant BENSON replied, "Where at..  I need to get 1."  Defendant MOODY told defendant BENSON to go to the belt loader and get additional gold bars, and defendant BENSON asked if the box was open.

1       <u>Overt Act No. 4:</u>   On or about the morning of April 23, 2020,

2  defendant BENSON transported defendant MOODY in a van from the belt

3  loader to the Polar Air cargo warehouse at LAX.

4       <u>Overt Act No. 5:</u>   On or about the morning of April 23, 2020,

5  defendants MOODY and BENSON met for several minutes inside the Polar

6  Air cargo warehouse restroom.

7       <u>Overt Act No. 6:</u>   On or about the morning of April 23, 2020,

8  defendants MOODY and BENSON left LAX together while defendant MOODY

9  was carrying four gold bars from the gold shipment.

10       <u>Overt Act No. 7:</u>   On or about the afternoon of April 23, 2020,

11  defendants MOODY and BENSON met at a parking lot outside the airport,

12  where defendant MOODY gave defendant BENSON a gold bar bearing serial

13  number 3837200.

14       <u>Overt Act No. 8:</u>   On or about the afternoon of April 23, 2020,

15  defendants MOODY and BENSON exchanged text messages about the gold

16  bars and about pawn shops in the Los Angeles area.

17       <u>Overt Act No. 9:</u>   On or about April 24, 2020, defendants MOODY

18  and BENSON exchanged additional text messages.  During the exchange,

19  defendant MOODY wrote, "We got stash the shit.  Some polar crew.

20  Report the shit.  They found it."  At one point, defendant BENSON

21  wrote, "I am telling you it was a inside job before you found it []."

22  Later in the exchange, defendant MOODY wrote, "Your boy goin to

23  jail."

24       <u>Overt Act No. 10:</u>   On or about May 4, 2020, defendant MOODY

25  gave a gold bar bearing serial number 3837199 to a family member and

26  directed the family member to exchange the gold bar for a vehicle

27  and/or money.

28

<u>Overt Act No. 11:</u>   Sometime prior to on or about May 7, 2020, defendant MOODY buried two gold bars bearing serial numbers 3837196 and 3837198 in the backyard of a residence located on West 73rd Street in Los Angeles, California.

<u>Overt Act No. 12:</u>   Sometime prior to on or about May 7, 2020, defendant BENSON placed the gold bar bearing serial number 3837200 he received from defendant MOODY inside a bedroom at a residence located on East 85th Street in Los Angeles, California.

COUNT TWO

[18 U.S.C. § 659; 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 23, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARLON MOODY and BRIAN BENSON, each aiding and abetting the other, unlawfully, willfully, and knowingly, and with intent to convert to their own use and benefit, embezzled, stole, took, concealed, and by fraud and deception obtained, from an airport, that is, the Los Angeles International Airport located in Los Angeles, California, goods and chattels of a value in excess of $1,000, that is, four gold bars bearing serial numbers 3837196, 3837198, 3837199, and 3837200, which were moving as, were a part of, and constituted an interstate and foreign shipment of freight, express, and property from Australia to New York.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3                                       A TRUE BILL

4

5                                       _____/S/_____
                                        Foreperson

6

7   TRACY L. WILKISON
    Acting United States Attorney

8

9   BRANDON D. FOX
    Assistant United States Attorney
    Chief, Criminal Division

10

11

12  SCOTT M. GARRINGER
    Assistant United States Attorney
13  Deputy Chief, Criminal Division

14  JOSHUA O. MAUSNER
    Assistant United States Attorney
15  Deputy Chief, General Crimes
    Section

16

17  J. JAMARI BUXTON
    Assistant United States Attorney
    Public Corruption and Civil
18  Rights Section

19

20

21

22

23

24

25

26

27

28